1
2
3
4              UNITED STATES DISTRICT COURT
5             EASTERN DISTRICT OF CALIFORNIA
6
7   ROBERT EDWARD BROWN,              )      1:06-cv-1412-AWI-TAG HC
                                      )
8        Petitioner,                  )      ORDER REQUIRING PETITIONER TO
                                      )      FILE AN AMENDED PETITION
9        v.                           )
                                      )      ORDER GRANTING MOTION TO
10  A. J. MALFI, Warden,              )      SUBSTITUTE COUNSEL (Doc. 7)
                                      )
11       Respondent.                  )      ORDER DENYING PETITIONER'S
    _____)      PENDING MOTIONS TO AMEND
12                                           AS MOOT
                                             (Docs. 8 & 11)
13

14       Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to

15  28 U.S.C. § 2254.

16       On September 22, 2006, Petitioner filed the instant petition challenging his conviction and

17  sentence in the Superior Court of California, County of Kern.  (Doc. 1).  On April 23, 2007,

18  Petitioner filed a motion seeking to substitute attorney Shannon M. Dorvall for Petitioner, who had

19  been proceeding pro se.  (Doc. 7).  On May 23, 2007, counsel filed a motion for leave to amend the

20  brief.  (Doc. 8).  However, the electronic document was not correctly signed.  (Doc. 10).  On May 25,

21  2007, counsel submitted a second motion for leave to amend the brief that was signed.  (Doc. 11).

                              **DISCUSSION**

22       Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

23  of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

24  from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

25  Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court

26  will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A

27

28                                          1

1  preliminary review of the Petition reveals that Petitioner may have filed his Petition beyond the

2  applicable one-year statute of limitations period.

3       The Ninth Circuit has held that a district court may raise the statute of limitations *sua sponte*

4  and dismiss the petition on those grounds.  Herbst v. Cook, 260 F.3d 1039, 1042-1044 (9th Cir.

5  2001) (indicating that once a petitioner is given adequate notice and opportunity to respond to

6  allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations,

7  petitioner has the burden of providing an adequate response).

8       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

9  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

10  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v.

11  Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).  The instant petition was filed on September 22, 2006;

12  thus, it is subject to the provisions of the AEDPA.

13       The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

14  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

15  reads:

16       (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
    corpus by a person in custody pursuant to the judgment of a State court.  The
17    limitation period shall run from the latest of –

18       (A) the date on which the judgment became final by the conclusion of direct
    review or the expiration of the time for seeking such review;
19
20       (B) the date on which the impediment to filing an application created by
    State action in violation of the Constitution or laws of the United States is removed, if
    the applicant was prevented from filing by such State action;
21
22       (C) the date on which the constitutional right asserted was initially recognized by
    the Supreme Court, if the right has been newly recognized by the Supreme Court and made
    retroactively applicable to cases on collateral review; or
23
24       (D) the date on which the factual predicate of the claim or claims presented
    could have been discovered through the exercise of due diligence.

25       (2) The time during which a properly filed application for State post-conviction or
    other collateral review with respect to the pertinent judgment or claim is pending shall
26    not be counted toward any period of limitation under this subsection.

27  28 U.S.C. § 2244(d).

28
                                        2

Here, Petitioner asserts that he was convicted on March 22, 2001, and sentenced on May 4, 2001. (Doc. 1, p. 6). Petitioner also alleges that, following his direct review of the conviction and sentence, the California Supreme Court denied his petition for review on January 15, 2003. (Id.). Therefore, direct review concluded on April 15, 2003, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Under the AEDPA, Petitioner would then have one year from April 15, 2003, or until April 15, 2004, within which to file his federal petition for writ of habeas corpus. The instant case was filed on September 22, 2006, approximately two-and-one-half years *after* the statute of limitations would have expired.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner is normally entitled to one "full round" of collateral review in state court without federal interference. While the "full round" is properly in progress, the AEDPA's one-year statute is tolled.). Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003), cert. denied, Welch v. Carey, 541 U.S. 1078 (2004).

Neither Petitioner nor his counsel allege that, between April 15, 2003 and September 22, 2006, Petitioner properly filed any state habeas proceedings that would have entitled him to statutory tolling of the running of the one-year limitation period under the AEDPA. However, it is possible that Petitioner did properly file such habeas proceedings but has simply neglected to inform the Court of this fact. Thus, this Court will grant Petitioner leave to file an amended petition so that Petitioner may include any additional information that would inform the Court's decision regarding whether the instant petition was filed in within the AEDPA's one-year limitation period. If such state proceedings were filed by Petitioner, the amended petition should indicate the dates on which the proceedings were filed, the courts in which they were filed, the issues raised in those proceedings, and the date and nature of any rulings on those proceedings. The Court emphasizes to

3

Petitioner and his counsel that he must fill out the form petition in its entirely, complete with all applicable dates, so that the Court can conduct its statutory screening function with adequate information at hand.  If Petitioner is unable to provide information justifying statutory tolling between April 15, 2003, and September 22, 2006 such that the petition is timely under the AEDPA, and in the absence of any showing of entitlement to equitable tolling, the Court will issue a recommendation that the instant petition be dismissed.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner and his counsel are granted thirty (30) days from the date of service of this order to file an amended petition, and, if Petitioner so desires, an amended brief in support thereof.  In the amended petition, Petitioner must inform the Court of the filing and dates of pendency of any collateral proceedings in the state courts as well as the rulings thereon in order to permit the Court to ascertain  whether Petitioner has complied with the AEDPA's one-year statute of limitations;

2.  Petitioner's motion to substitute counsel (Doc. 7), is GRANTED;

3.  Petitioner's motions to file an amended brief (Docs. 8 & 11), are DENIED as MOOT; and,

4.  The Clerk of Court is DIRECTED to send Petitioner's counsel a blank form for filing a habeas corpus petition pursuant to 28 U.S.C. § 2254.

**Petitioner and his counsel are advised that the amended petition should be clearly entitled "Amended Petition for Writ of Habeas Corpus."  Petitioner and counsel are advised that the petition must set forth Petitioner's claim(s), including all the facts and arguments in support of said claim(s).  With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas corpus petition, to the California Supreme Court prior to raising them in this Court.  It is Petitioner's responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.  The Court will not**

1    consider the original petition.  Petitioner's failure to file an amended petition in a timely

2    fashion will result in a recommendation that the petition be dismissed for Petitioner's failure

3    to state a federal claim.

4

5    IT IS SO ORDERED.

6    Dated:   **June 22, 2007**                                              _____**/s/ Theresa A. Goldner**_____
                                                                        UNITED STATES MAGISTRATE JUDGE
7    _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                     5